IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WAVEFRONT TECHNOLOGY SOLUTIONS INC. § § § *Plaintiff*, § vs. § § IMPACT TECHNOLOGY SYSTEMS AS, § AMERICAN RESOURCES, INC. and § MMB OIL, LLC, § § *Defendants*. § | Case No. _____ **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Wavefront Technology Solutions Inc. ("Wavefront") brings this action against defendants Impact Technology Systems AS ("ITS"), American Resources, Inc. ("ARI") and MMB Oil, LLC ("MMB") (collectively "Defendants" and individually "Defendant") and alleges:

### THE PARTIES

**1.** Wavefront is a corporation organized and existing under the laws of Canada, and has a principal place of business at 5621 – 70 Street, Edmonton, Alberta Canada T6B 3P6.

**2.** On information and belief, ITS is a corporation organized and existing under the laws of Norway, has a principal place of business at Filipstad Brygge 1, N-0252 Oslo, Norway, and is doing business within this district. ITS can be served with process through the Hague Convention.

**3.** On information and belief, ARI is a corporation organized and existing under the laws of Delaware, has a principal place of business and registered agent address at 1250 Wood Branch Park Drive, Suite 400, Houston, Texas 77079, and is doing business within this district. ARI's registered agent is Ivar Siem.

1

4.      On information and belief, MMB is a limited liability company organized and existing under the laws of Texas, has a principal place of business and registered agent address at 1250 Wood Branch Park Drive, Suite 400, Houston, Texas 77079, and is doing business within this district.  MMB's registered agent is Ivar Siem.

### JURISDICTION AND VENUE

5.      This is an action for patent infringement under United States Patent Law, Title 35, United States Code.

6.      Subject-matter jurisdiction over Wavefront's claims is conferred upon this Court by 28 U.S.C. §§ 1331 and 1338(a).

7.      On information and belief, each Defendant has transacted business within this judicial district, including business related to alleged infringing activities stated below.  Each Defendant is subject to personal jurisdiction in Texas and this district.

8.      Venue is proper in this district under 28 U.S.C. §§ 1391(b) & (c) and 1400(b).

### GENERAL ALLEGATIONS

9.      Wavefront develops, markets, and licenses proprietary technologies in the energy and environmental sectors.  Wavefront specializes in designing leading-edge solutions for oil well stimulation, secondary oil recovery and environmental groundwater remediation.

10.     Wavefront and the Defendants are direct competitors in the market for providing tools and related services to customers for the purpose of improving and enhancing the production and recovery of oil from oil fields.

11.     Upon information and belief, including based on ARI's website (www.americanresourcesinc.com), MMB is a 50/50 joint venture between ARI and ITS.

12.     Upon information and belief, including based on ARI's website, ITS is a development stage company that has developed a surface based pressure pulse stimulation technology to enhanced oil recovery.  This ITS technology is the subject of Wavefront's allegations of patent infringement herein.

13.     Upon information and belief, including based on ARI's website, ARI through management of MMB has been instrumental in helping ITS prove the accused technology through two field pilot tests currently underway, and the accused ITS technology is marketed in Texas exclusively through MMB.

14.     Upon information and belief, Thorstein Jenssen, CEO of ITS, gave a presentation at the "Energy and Clean Technology Venture Forum" event of the "Rice Alliance for Technology and Entrepreneurship" at Rice University in Houston on September 15, 2016.  The Rice Alliance web page listing the "Presenting Companies" at the Forum states:

> **Impact Technology Systems AS has developed an environmentally friendly and cost effective technology for enhanced oil recovery oil recovery.** Impact Technology Systems AS ("ITS") has developed a technology for enhanced oil recovery that plugs into existing water injection systems. The technology stimulates oil reservoirs through high amplitude pulses with extremely short rise time (<1 ms). The technology mobilizes trapped oil in reservoirs by increasing sweep efficiency of water flooding, using impact dynamics to overcome capillary forces. The technology has been developed under a research program funded by the Norwegian Research Council. The company has build two full scale pilots of the Fluid Driver Unit, of which one is currently operated and tested in Texas. Both laboratory tests on sandstone cores and testing on producing oil fields confirms a significant increase in oil recovery. The technology is environmentally friendly, as it requires no chemicals and has low energy consumption. The company has signed its first commercial agreement with an operator and is ready to move to commercialization.

http://alliance.rice.edu/2016_Energy_Venture_Forum_Companies/.  The technology described in the above quote and in Mr. Jenssen's presentation is referred to below as "the Accused ITS

Technology," which, according to Mr. Jennsen's presentation, has been "tested on oil fields in Texas."

## PATENT INFRINGEMENT
### [U.S. PATENT NO. 6,405,797]

15. On June 18, 2002, U.S. Patent No. 6,405,797 ("the '797 patent"), entitled "Enhancement of Flow Rates Through Porous Media," was duly and legally issued. Wavefront is the owner by assignment of all right, title and interest in and to the '797 patent.

16. Upon information and belief, each Defendant has in the past and/or continues to infringe, contribute to infringement, and/or induce infringement of the '797 patent by making, using, selling, offering to sell and/or importing, and/or causing others to make, use, sell, offer to sell and/or import the Accused ITS Technology that, in use, practices at least the procedure of claim 1 of the '797 patent. Each Defendant is liable for infringement of the '797 patent pursuant to 35 U.S.C. § 271.

17. Upon information and belief, each Defendant has and continues to indirectly infringe the '797 patent in violation of 35 U.S.C. 271(b) by inducing third parties (*e.g.*, operators of the Accused ITS Technology "on oil fields in Texas") to directly infringe at least claim 1 of the '797 patent through their use of the Accused ITS Technology in accordance with the Defendants' instructions. At least from the time of receipt of this Complaint, each Defendant has engaged in acts of such inducement knowingly and with knowledge that such activity encourages third parties to use the Accused ITS Technology to directly infringe at least claim 1 of the '797 patent.

18. Wavefront's right to relief for infringement of the '797 patent against Defendants is asserted with respect to and arises out of the same transaction, occurrence or series of transactions or occurrences relating to the making, using, importing into the United States, offering

for sale or selling of the same Accused ITS Technology. Questions of fact common to infringement of the '797 patent by Defendants will arise in this action.

19. Each Defendant's acts of infringement have caused damage to Wavefront, and Wavefront is entitled to recover from Defendants such damages resulting from Defendants' acts in an amount subject to proof at trial.

20. As a consequence of Defendants' infringement, Wavefront has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless each Defendant is enjoined from committing further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Wavefront prays for entry of judgment that:

A. Each Defendant has infringed the '797 patent;

B. Each Defendant account for and pay to Wavefront all damages caused by its infringement of the '797 patent in accordance with 35 U.S.C. § 284;

C. Wavefront be granted injunctive relief pursuant to 35 U.S.C. § 283 enjoining each Defendant and its respective officers, agents, servants, employees and those persons in active concert or participation with them from further acts of patent infringement;

D. Wavefront be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' patent infringement;

E. Wavefront be granted its reasonable attorneys' fees;

F. Costs be awarded to Wavefront; and,

G. Wavefront be granted such other and further relief as the Court may deem just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Wavefront demands trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated: November 1, 2016         By: */s/ C. Dale Quisenberry*
C. Dale Quisenberry
State Bar No. 24005040
dquisenberry@pqelaw.com
John T. Polasek
State Bar. No. 16088590
tpolasek@pqelaw.com
POLASEK, QUISENBERRY & ERRINGTON, L.L.P.
6750 West Loop South, Suite 920
Bellaire, Texas 77401
Telephone: (832) 778-6000
Facsimile: (832) 778-6010

ATTORNEYS FOR PLAINTIFF